**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SINAGA NATANUGRAHA, | No. 11-72053 |
| Petitioner, | Agency No. A088-272-541 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Sinaga Natanugraha, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that Natanugraha failed to establish past persecution on account of a protected ground because, even considered cumulatively, his experiences in Indonesia do not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution). Further, substantial evidence supports the BIA's determination that, even under a disfavored group analysis, Natanugraha failed to establish sufficient individualized risk of harm to demonstrate a well-founded fear of persecution. *See Halim*, 590 F.3d at 977-79; *Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2004) (en banc) (individualized risk must be "distinct from [that] felt by all other ethnic Chinese Christians in Indonesia"). Accordingly, Natanugraha's asylum claim fails.

Because Natanugraha has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

11-72053

Finally, substantial evidence supports the agency's denial of CAT relief because Natanugraha failed to establish that it is more likely than not that he will be tortured if he returns to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**